```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ROBERT MEREDITH,**
                    **Plaintiff,**

          **v.**                            **CASE NO.  12-3027-SAC**

**RAY ROBERTS, Secretary**
**of Corrections, et al.,**

                    **Defendants.**

## O R D E R

This civil complaint claiming unconstitutional censorship of certain publications as sexually explicit under 42 U.S.C. § 1983, was filed pro se by plaintiff while he was an inmate at the Winfield Correctional Facility, Winfield, Kansas.  On April 20, 2012, upon screening the complaint, the court entered a Memorandum and Order assessing an initial partial filing fee of $3.00 and setting forth deficiencies in the complaint.  Plaintiff was given time to pay the part fee and to file a complete amended complaint that cured the deficiencies discussed by the court.

      A copy of the Memorandum and Order was mailed by the clerk to plaintiff at the address provided by him.  The court's mail was returned marked "Return to Sender/No Longer at this Facility." KASPER/KDOC records available on-line indicate that Mr. Meredith was released on March 12, 2012.  Plaintiff has not provided the court with a change of address notification.  Nor has he paid the part fee or

filed any pleading or other response to the court's screening order. The time in which he was to pay the fee and file an amended complaint has expired. Plaintiff was warned in the court's prior order that if he failed to comply, this action could be dismissed without further notice. The court dismisses this action on account of plaintiff's failure to satisfy the filing fee prerequisites and failure to comply with the court's other orders within the time allotted.

"Rule 41(b) authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute as well as for failure to comply with the Federal Rules of Civil Procedure or 'a court order'." *Young v. U.S.*, 316 Fed.Appx. 764, 771 (10th Cir. 2009)(unpublished case cited as persuasive, not controlling, authority)(citing Fed.R.Civ.P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions sua sponte when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Id.* at 771-72 (citations omitted).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied for failure to pay the

2

assessed partial fee.

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2012, at Topeka, Kansas.**

                                        <u>**s/Sam A. Crow**</u>
                                        **U. S. Senior District Judge**